FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 24 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WANDRA WILLIAMS a/k/a
WANDA WILLIAMS                                              PLAINTIFF

VS.                    NO. 2:17-cv-69-BSM

MGM RESORTS MISSISSIPPI, INC. d/b/a
GOLD STRIKE CASINO &
GOLD STRIKE RESORT                                          DEFENDANT

## NOTICE OF REMOVAL

MGM Resorts Mississippi, Inc. d/b/a Gold Strike Casino and Gold Strike Resort (hereinafter, "MGM") hereby removes this action from the Circuit Court of Phillips County, Arkansas, to the United States District Court for the Eastern District of Arkansas, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, MGM states as follows:

1. On March 15, 2017, plaintiff filed a complaint in the Circuit Court of Phillips County, Arkansas, styled *Wandra Williams a/k/a Wanda Williams v. MGM Resorts Mississippi, Inc., d/b/a Gold Strike Casino and Gold Strike Resorts*, No. 54CV-17-51.

2. Plaintiff effected service of the complaint and summons on MGM on or about April 4, 2017. Copies of the summons and complaint are attached hereto as Exhibit A. No other process, pleading, or order has been served by or on MGM in the state-court action.

3. This notice of removal is timely filed. *See* 28 U.S.C. § 1446(b).

4. The complaint is one that properly could have been filed in this Court under 28 U.S.C. § 1332, and removal is therefore appropriate. 28 U.S.C. § 1441(a). As alleged in the complaint, plaintiff is a resident of the state of Arkansas. MGM is a Mississippi corporation with its principal place of business in Mississippi. Diversity is therefore not disputed. The amount-in-controversy requirement is also satisfied, for plaintiff alleges in her complaint her damages

1

This case assigned to District Judge *Miller*
and to Magistrate Judge *Deere*

exceed the federal jurisdictional requirement of $75,000. 28 U.S.C. § 1332. *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009).

5. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

6. Venue is proper in the Eastern District of Arkansas because this District embraces Phillips County, Arkansas, the place where the state-court action was pending.

7. MGM will serve on counsel for plaintiff a true and correct copy of this notice of removal and will file a notice of removal with the clerk of the Circuit Court of Phillips County. *See* 28 U.S.C. § 1446(d).

WHEREFORE, MGM Resorts Mississippi, Inc. d/b/a Gold Strike Casino and Gold Strike Resort removes this action to the United States District Court for the Eastern District of Arkansas, and asks this Court to assert jurisdiction over the subject matter.

> QUATTLEBAUM, GROOMS & TULL PLLC
> 111 Center Street | Suite 1900
> Little Rock, AR 72201
> (501) 379-1700
> (501) 379-1701 Fax
> twilliams@qgtlaw.com
> adtanner@qgtlaw.com
>
> By: _____
> Thomas G. Williams, Ark. Bar. No. 88186
> Amber Davis-Tanner, Ark. Bar No. 2011141
>
> *Attorneys for MGM Resorts Mississippi, Inc. d/b/a Gold Strike Casino and Gold Strike Resort*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of April, 2017, a copy of the foregoing was served by United States mail, postage prepaid, upon counsel of record:

Louis Etoch
ETOCH LAW FIRM
P.O. Box 100
Helena, AR 72342

_____
Thomas G. Williams

FILED
At 3:13 O'Clock P M

MAR 1 5 2017

LYNN STILLWELL
PHILLIPS COUNTY CIRCUIT CLERK
By_____ D.C.

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

WANDRA WILLIAMS a/ka/
WANDA WILLIAMS                                                          PLAINTIFF

VS.                            No. 54CV-17-51

MGM RESORTS MISSISSIPPI, INC., d/b/a
GOLD STRIKE CASINO &
GOLD STRIKE RESORT                                                      DEFENDANT

## COMPLAINT

Comes the Plaintiff, Wanda Williams, by and through her attorneys, the Etoch Law Firm, and for her Complaint against the Defendant, MGM Resorts Mississippi, Inc. d/b/a Gold Strike Casino and Gold Strike Resort, (hereinafter referred to as "Gold Strike" or "Defendant"), states:

1. Plaintiff, Wanda Williams, is a citizen and resident of Phillips County, Arkansas. Gold Strike is a corporation and may be served with process through its registered agent, Anthony Del Vescovo, 875 Beach Blvd., Legal Department, Biloxi, MS 39530. Defendant, Gold Strike, is a corporation with authority to do business in the State of Mississippi and which does do business in the State of Mississippi now and at all times relevant hereto. Gold Strike has its principle office in Robinsonville, MS. Additionally, at all times mentioned herein, the Defendant, Gold Strike, was operating as a casino and gambling hall located in Robinsonville, Tunica County, Mississippi. Gold Strike operated for the use of the general public. Gold Strike's casino and gambling hall is on the bank of the Mississippi River between the borders of Mississippi and Arkansas. Gold Strike solicits and invites Arkansas residents to its establishment in a systematic and complex way through advertising and solicitation. Gold Strike has substantial contact with the

1

EXHIBIT A

was an invited guest having responded to Gold Strike's solicitation of Arkansas residents. Wanda Williams was staying in a comped room at the Gold Strike.

2. Jurisdiction and venue are proper in this Court pursuant to Ark. Code Ann. §16-60-101.

3. At all times mentioned herein, Defendant was engaged as a casino and resort in Tunica County, Mississippi operating for the use of the general public. The acts complained of herein occurred in Tunica County, Mississippi.

4. On or about the 6th day of August, 2016, Plaintiff was a customer and patron at MGM Resorts Mississippi's Gold Strike Casino Hotel and Gold Strike Casino Resort.

5. On said date, Plaintiff was a comped guest staying in the Hotel and was using the Hotel amenities. Mrs. Williams was exiting the elevator by herself when she slipped and fall in a large puddle of liquid. The liquid smelled like alcohol. Mrs. Williams went forward on her left knee and hit the marble floor violently. There were inadequate warnings or no warnings to show there was a liquid and dangerous condition on the floor outside of the elevator. The liquid on the floor created a danger that was either known by Gold Strike or reasonably should have been known by Gold Strike because it was during the busy operating time, Gold Strike routinely has security at the elevator, and the because the liquid smelled of alcohol. These dangerous conditions were concealed to Mrs. Williams and patrons of Gold Strike utilizing the elevator.

6. There were no warning signs of the danger to Mrs. Williams.

7. Plaintiff fell forwards landing on her left knee causing her knee to be severely bruised and injured. The Plaintiff was obviously injured and laid there in the liquid on

EXHIBIT A

the floor until security showed up. The incident was reported to the Gold Strike employees working that day.

8. Defendant knew or should have known that the puddle of liquid was in front of the elevator and posed a danger to Plaintiff and all people in the Gold Strike. The large amount of liquid smelled of alcohol and appeared to have been on the floor for some time. Further the Defendant had security guards and other employees in the area of the elevators, around the lobby and registration generally where Plaintiff fell. Defendant should have had an employee or security guard watching the elevator area during this busy time of operation. Defendant should have had an employee notice the dangerous condition, warn others of the dangerous condition, and clean the area. If the Defendant had been practicing due diligence, the liquid would have been cleaned or warning signs would have been visible.

9. Defendant carelessly and negligently maintained a dangerous and unsafe condition by allowing a puddle of liquid to be left for an unreasonable amount of time in an area where customers routinely walk and were required to walk to gain entrance to the hotel rooms without any warning. This dangerous and unsafe condition exposed Defendant's patrons/customers/business invitees of its establishment to undue harm and danger. Plaintiff, at the time of her fall, was a patron/customer/business invitee at Defendant's Hotel.

10. Defendant's Hotel was equipped with video surveillance of the area where Plaintiff fell. The video surveillance should depict not only the fall, but the cause of the dangerous condition, the number of Defendant employees in the area, and the negligence of Defendant and its agents. The video should have been maintained because Defendant

3

EXHIBIT A

and its agents promptly learned Plaintiff was injured and the details of her accident. The video has been in the exclusive possession and control of Defendant. If for any reason, Defendant did not maintain and preserve the entire video of not only the fall but also of the cause of the dangerous condition and its employees in and around the area of the fall, then Plaintiff would be entitled to the benefit of a spoliation instruction pursuant to AMI 106 and 106A that would give to Plaintiff an adverse inference against Defendant that Defendant caused the dangerous condition, knew of said dangerous condition and failed to warn its customers of said condition.

11. Defendant operated its business in such a negligent manner that as a proximate result, Plaintiff sustained severe and permanent injuries to her back, legs, knees, as well as a shock to her entire nervous system, causing her to experience excruciating mental and physical pain and suffering in the past and reasonably certain to be experienced in the future.

12. As a proximate result of said injuries, Plaintiff was compelled to and did incur expenses for medical care, hospitalization and other expenses and Plaintiff will incur additional medical expenses in the future. As a further result of said injuries, Plaintiff has undergone excruciating pain and suffering in the past and will continue to undergo such pain and suffering in the future.

13. Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Wanda Williams, prays for judgment against the Defendants, Gold Strike, for the following:

(a) For the medical and special expenses incurred through this date by Plaintiff with 6% interest until the time of trial;

EXHIBIT A

(b) An amount to be determined at trial in excess of the amount required for federal diversity jurisdiction for Plaintiff's injuries to her back, legs, and knees and her entire nervous system; said amount including her excruciating pain and suffering and mental anguish experienced in the past and that which she will undergo in the future, and for her continuing medical expenses which will be incurred in the future; and

(c) That Plaintiff recovers her costs, a reasonable attorney's fee, and all other relief to which she may be entitled herein.

Respectfully submitted,

By: *[signature]*
Louis Etoch (89030)
Etoch Law Firm
P.O. Box 100
Helena, AR 72342
(870) 338-3591

EXHIBIT A

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

WANDRA WILLIAMS a/k/a/
WANDA WILLIAMS     PLAINTIFF

VS.     No. 54CV-17-51

MGM RESORTS MISSISSIPPI, INC., d/b/a
GOLD STRIKE CASINO &
GOLD STRIKE RESORT     DEFENDANT

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:** MGM Resorts Mississippi, Inc., d/b/a
Gold Strike Casino & Gold Strike Resort
c/o Anthony Del Vescovo
875 Beach Blvd.; Legal Department
Biloxi, MS 39530

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
**Louis A. Etoch**
**Attorney for Plaintiffs**
**P.O. Box 100**
**Helena, AR 72342**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notice: Interrogatories are attached.

Address of Clerk's Office:
Phillips County Courthouse
620 Cherry Street, Suite 206
Helena, AR 72342
870-338-5515
Fax: 870-338-5513
[SEAL]

Lynn Stillwell, Circuit Clerk
By: _____ (signature)
Deputy Clerk
Date: _____, 2017

EXHIBIT A

No. _____ This summons is for _____ *(name of Defendant).*

### PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

EXHIBIT A

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____  SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____  By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**EXHIBIT A**