FILED
At 3:13 O'Clock P M

MAR 15 2017

LYNN STILLWELL
PHILLIPS COUNTY CIRCUIT CLERK
By_____ D.C.

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

WANDRA WILLIAMS a/k/a/
WANDA WILLIAMS                                              PLAINTIFF

VS.                           No. 54CV-17-51

MGM RESORTS MISSISSIPPI, INC., d/b/a
GOLD STRIKE CASINO &
GOLD STRIKE RESORT                                          DEFENDANT

## COMPLAINT

Comes the Plaintiff, Wanda Williams, by and through her attorneys, the Etoch Law Firm, and for her Complaint against the Defendant, MGM Resorts Mississippi, Inc. d/b/a Gold Strike Casino and Gold Strike Resort, (hereinafter referred to as "Gold Strike" or "Defendant"), states:

1. Plaintiff, Wanda Williams, is a citizen and resident of Phillips County, Arkansas. Gold Strike is a corporation and may be served with process through its registered agent, Anthony Del Vescovo, 875 Beach Blvd., Legal Department, Biloxi, MS 39530. Defendant, Gold Strike, is a corporation with authority to do business in the State of Mississippi and which does do business in the State of Mississippi now and at all times relevant hereto. Gold Strike has its principle office in Robinsonville, MS. Additionally, at all times mentioned herein, the Defendant, Gold Strike, was operating as a casino and gambling hall located in Robinsonville, Tunica County, Mississippi. Gold Strike operated for the use of the general public. Gold Strike's casino and gambling hall is on the bank of the Mississippi River between the borders of Mississippi and Arkansas. Gold Strike solicits and invites Arkansas residents to its establishment in a systematic and complex way through advertising and solicitation. Gold Strike has substantial contact with the

1

EXHIBIT A

was an invited guest having responded to Gold Strike's solicitation of Arkansas residents. Wanda Williams was staying in a comped room at the Gold Strike.

2. Jurisdiction and venue are proper in this Court pursuant to Ark. Code Ann. §16-60-101.

3. At all times mentioned herein, Defendant was engaged as a casino and resort in Tunica County, Mississippi operating for the use of the general public. The acts complained of herein occurred in Tunica County, Mississippi.

4. On or about the 6th day of August, 2016, Plaintiff was a customer and patron at MGM Resorts Mississippi's Gold Strike Casino Hotel and Gold Strike Casino Resort.

5. On said date, Plaintiff was a comped guest staying in the Hotel and was using the Hotel amenities. Mrs. Williams was exiting the elevator by herself when she slipped and fall in a large puddle of liquid. The liquid smelled like alcohol. Mrs. Williams went forward on her left knee and hit the marble floor violently. There were inadequate warnings or no warnings to show there was a liquid and dangerous condition on the floor outside of the elevator. The liquid on the floor created a danger that was either known by Gold Strike or reasonably should have been known by Gold Strike because it was during the busy operating time, Gold Strike routinely has security at the elevator, and the because the liquid smelled of alcohol. These dangerous conditions were concealed to Mrs. Williams and patrons of Gold Strike utilizing the elevator.

6. There were no warning signs of the danger to Mrs. Williams.

7. Plaintiff fell forwards landing on her left knee causing her knee to be severely bruised and injured. The Plaintiff was obviously injured and laid there in the liquid on

2

EXHIBIT A

the floor until security showed up. The incident was reported to the Gold Strike employees working that day.

8. Defendant knew or should have known that the puddle of liquid was in front of the elevator and posed a danger to Plaintiff and all people in the Gold Strike. The large amount of liquid smelled of alcohol and appeared to have been on the floor for some time. Further the Defendant had security guards and other employees in the area of the elevators, around the lobby and registration generally where Plaintiff fell. Defendant should have had an employee or security guard watching the elevator area during this busy time of operation. Defendant should have had an employee notice the dangerous condition, warn others of the dangerous condition, and clean the area. If the Defendant had been practicing due diligence, the liquid would have been cleaned or warning signs would have been visible.

9. Defendant carelessly and negligently maintained a dangerous and unsafe condition by allowing a puddle of liquid to be left for an unreasonable amount of time in an area where customers routinely walk and were required to walk to gain entrance to the hotel rooms without any warning. This dangerous and unsafe condition exposed Defendant's patrons/customers/business invitees of its establishment to undue harm and danger. Plaintiff, at the time of her fall, was a patron/customer/business invitee at Defendant's Hotel.

10. Defendant's Hotel was equipped with video surveillance of the area where Plaintiff fell. The video surveillance should depict not only the fall, but the cause of the dangerous condition, the number of Defendant employees in the area, and the negligence of Defendant and its agents. The video should have been maintained because Defendant

EXHIBIT A

and its agents promptly learned Plaintiff was injured and the details of her accident. The video has been in the exclusive possession and control of Defendant. If for any reason, Defendant did not maintain and preserve the entire video of not only the fall but also of the cause of the dangerous condition and its employees in and around the area of the fall, then Plaintiff would be entitled to the benefit of a spoliation instruction pursuant to AMI 106 and 106A that would give to Plaintiff an adverse inference against Defendant that Defendant caused the dangerous condition, knew of said dangerous condition and failed to warn its customers of said condition.

11. Defendant operated its business in such a negligent manner that as a proximate result, Plaintiff sustained severe and permanent injuries to her back, legs, knees, as well as a shock to her entire nervous system, causing her to experience excruciating mental and physical pain and suffering in the past and reasonably certain to be experienced in the future.

12. As a proximate result of said injuries, Plaintiff was compelled to and did incur expenses for medical care, hospitalization and other expenses and Plaintiff will incur additional medical expenses in the future. As a further result of said injuries, Plaintiff has undergone excruciating pain and suffering in the past and will continue to undergo such pain and suffering in the future.

13. Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Wanda Williams, prays for judgment against the Defendants, Gold Strike, for the following:

(a) For the medical and special expenses incurred through this date by Plaintiff with 6% interest until the time of trial;

EXHIBIT A

(b) An amount to be determined at trial in excess of the amount required for federal diversity jurisdiction for Plaintiff's injuries to her back, legs, and knees and her entire nervous system; said amount including her excruciating pain and suffering and mental anguish experienced in the past and that which she will undergo in the future, and for her continuing medical expenses which will be incurred in the future; and

(c) That Plaintiff recovers her costs, a reasonable attorney's fee, and all other relief to which she may be entitled herein.

Respectfully submitted,

By: *[signature]*
Louis Etoch (89080)
Etoch Law Firm
P.O. Box 100
Helena, AR 72342
(870) 338-3591

EXHIBIT A